[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After entering a guilty plea, defendant-appellant Ronald Edwards was convicted of two counts of rape of a minor. He was subsequently adjudicated a sexual predator and sentenced to ten years on each count, to run consecutively. Edwards filed a motion for delayed appeal, which we have allowed.
In his first assignment of error, Edwards maintains that the trial court erred in imposing maximum, consecutive sentences. Having reviewed the record, including the transcript, the sentencing worksheet, the victim- impact statements, and a preliminary- investigation report, we hold that the trial court did not err in imposing maximum, consecutive sentences.
There was a presumption in favor of prison because Edwards had been convicted of first-degree felonies on both rape charges. The record establishes that the trial court considered the overriding purposes and principles of sentencing in accordance with R.C. 2929.11 and that the court balanced the seriousness and recidivism factors pursuant to R.C.2929.12. In imposing the maximum sentence, the court found that Edwards had committed the worst form of the offenses, and the court stated its reasons for making that finding, specifically that this case involved "horrible" crimes.[1] The court further found that consecutive sentences were necessary to protect the public and to punish the Edwards, and that Edwards was under post-release control, the harm caused was so great that a single prison term was inadequate, and consecutive sentences were necessary to protect the public from future crime by Edwards.[2] The court also provided its reasons for imposing consecutive sentences by commenting on the need to protect the public and to prevent Edwards from committing "horrible" crimes in the future.[3]
In light of the trial court's findings and the reasons supporting its findings, we overrule the first assignment of error.
In his second and third assignments, Edwards challenges the sexual-predator finding. In the second assignment, Edwards maintains that insufficient evidence was presented to support the trial court's finding that he is a sexual predator. In the third assignment, he argues that the trial court's finding was contrary to law. We consider both assignments of error in the aggregate. Because the sexual-predator statutes in R.C. Chapter 2950 are remedial, not punitive, in nature, we must apply a civil standard, which does not recognize qualitative or quantitative differences between weight and sufficiency.[4] Thus, we will not reverse the trial court's finding where some competent and credible evidence supports its sexual-predator determination.[5]
To obtain a sexual-predator adjudication, the state is required to prove by "clear and convincing" evidence that the offender has pleaded guilty to or has been found guilty of a sexually-oriented offense, and that the offender is likely to commit another sexually-oriented offense.[6] At a sexual-offender-classification hearing, the court should provide a record for appellate review that bears upon whether the offender is likely to recidivate; the court should permit the admission of expert testimony, if necessary, to assist the court in making its adjudication; and the court should consider the R.C. 2950.09(B)(2) factors and discuss on the record how the evidence relates to those factors.[7]
It is uncontested in this case that Edwards was found guilty of two counts of rape, which is a sexually- oriented offense. Further, the record establishes that Edwards is likely to commit another sexually-oriented offense in the future. The record reflects that Edwards had been living with the victim and her mother for three or four years, and that he had engaged in a pattern of raping and threatening the victim. The record also establishes that Edwards had not successfully completed any sex-education programs. In applying the R.C. 2950.09(B)(2) factors, the trial court found that, due to the age of the victim, Edwards's prior criminal record, including a domestic-violence offense, the nature of the sexual conduct, and the use of cruelty, Edwards was a sexual predator. Based on the record and the court's findings, we hold that competent, credible evidence supports the determination that Edwards is likely to commit a sexually-oriented offense in the future. Accordingly, we overrule the second and third assignments of error.
The judgment of the trial court is, therefore, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See R.C. 2929.14(C); R.C. 2929.19(B)(2)(d); State v. Edmonson
(1999), 86 Ohio St.3d 324, 328-329, 715 N.E.2d 131, 135.
[2] See R.C. 2929.14(E)(4).
[3] See R.C. 2929.19(B)(2)(c); see, generally, State v. Edmonson,supra.
[4] See State v. Cook (1998), 83 Ohio St.3d 404, 417, 700 N.E.2d 570,581; State v. Hunter (June 1, 2001), Hamilton App. No. C-000266, unreported.
[5] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[6] See R.C. 2950.01(E); R.C. 2950.09(B)(3).
[7] See State v. Eppinger (2001), 91 Ohio St.3d 158, 166-167,743 N.E.2d 881, 888; see, also, State v. Thompson (2001),92 Ohio St.3d 584, 587- 588, 752 N.E.2d 276, 280-281.